UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80722-Civ-MARRA/HOPKINS

D & M CARRIERS, LLC,
d/b/a FREYMILLER, INC.,
a foreign corporation,

    Plaintiff,
vs.

M/V THOR SPIRIT, a/k/a M/V SPIRIT,
a/k/a M/V ELATION, along with her
engines, boilers, machinery, masts,
rigging, tackle, equipment and supplies,
tools, pumps, gear, furniture, appliances,
and fishing gear and other appurtenances
and apparel, having Serial No. VSC57045D506,

    *in rem,*
and

ABLE BOAT TRANSPORT, LLC,
a Florida limited liability corporation,

    *in personam,*
and

IAN TAPTIK, a foreign individual,

    *in personam,*

    Defendants.
_____/

**ORDER AND OPINION DENYING MOTION FOR SUMMARY JUDGMENT**

    **THIS CAUSE** is before the Court upon Plaintiff, D&M Carriers LLC d/b/a Freymiller, Inc.'s Motion for Summary Judgment Against M/V Thor Spirit Regarding Maritime Lien [DE 67]. The motion is fully briefed and ripe for review. The Court has

carefully considered the filings, the entire Court file, and is otherwise fully advised in the premises.

**Introduction**

This action was initiated by Plaintiff, D&M Carriers LLC d/b/a Freymiller, Inc. ("Freymiller"), against Defendants M/V Thor Spirit, a 57' Viking Sport Craft vessel, and Inan Taptik ("Taptik"), the vessel's owner, for monies allegedly due and owing for transport of the vessel. Plaintiff filed a Verified Complaint in Admiralty ("Complaint") and asserted causes of action for breach of contract against Taptik and Defendant Able Boat Transport, LLC ("Able")[1], as well as an *in rem* claim against the defendant vessel, M/V Thor Spirit, a/k/a M/V Spirit, a/k/a M/V Elation, a/ka/a M/V Pleasure ("M/V Thor Spirit"). Freymiller is seeking payment for in excess of 3,000 miles of route detours taken because of circumstances allegedly beyond its control, such as road closures brought on by natural disasters, including tornadoes in Alabama and floods. Complaint, ¶ 10, DE 17 at 2, 16, 20, DE 77, Ex. Y.

It is Plaintiff's *in rem* claim for necessaries that forms the subject matter of Plaintiff's Motion for Summary Judgment. In summary, Plaintiff's motion argues that (1) Freymiller provided necessaries (overland trucking services) to the defendant vessel, (2) the services provided to the defendant vessel were necessary, customary and completed at a reasonable price, (3) the necessaries were authorized by the

---

[1] On September 18, 2012, this matter was automatically stayed as to Able Boat Transport, LLC pursuant to 11 U.S.C. § 362(a)(1). *See* DE 76.

vessel owner and his agents, and as such (4) Plaintiff Freymiller has a valid maritime lien against the defendant vessel, M/V Thor Spirit.

M/V Thor Spirit opposes the motion on the basis that there are a significant number of genuine issues of material fact that remain for trial, and because Plaintiff has failed to assert sufficient facts and law to establish a valid maritime lien against the vessel.  Specifically, M/V Thor Spirit argues that the motion should be denied because: (1) the Statement of Undisputed Facts fails to cite to any specific evidentiary references in depositions, affidavits, or answers to interrogatories as mandated by Fed. R. Civ. P. 56 and Local Rule 56.1 and (2) genuine issues of material fact exist as to whether the vessel owner or his agent authorized Freymiller's transportation of the defendant vessel; whether the payment demanded by Plaintiff is reasonable; whether Freymiller has a valid maritime lien; and whether Freymiller has engaged in a pattern of bad faith and deception regarding the overland transportation of the M/V Thor Spirit, and the litigation process.  The Court agrees that summary judgment is inappropriate based on the record in this case.

**Disputed & Undisputed Material Facts**

1.    In early April 2011, Taptik[2] entered into a Customer Contract with Able to

---

[2] Plaintiff's Statement of Undisputed Facts states that Mr. Murat Varol, Taptik's agent, engaged Able to relocate the vessel.  DE 67 at 4.  However there is no evidentiary citation provided for this assertion, and the Customer Contract itself states Owners Name: Inan Taptik c/o Murat.  The signature on the contract is illegible.  DE 77-1, Ex. A.

transport the M/V Thor Spirit from Tablerock, Missouri to Fort Lauderdale, Florida for an agreed upon flat fee of $38,000. DE 77-1, Ex. A; Affadavit of Inan Taptik ("Taptik Aff.") DE 77-2, Ex. B. Taptik paid Able $33,000 and Able is not seeking the $5,000 balance because the vessel was not delivered into Florida. DE 77, Ex. S.

2. The Customer Contract between Able and Taptik lists the M/V Thor Spirit's dimensions as follows:

   Length: 67 Width: 16"1 Overall Height: 17.6 arch removed

3. It is undisputed that Able engaged Freymiller to transport the vessel and entered into a separate contract with Freymiller, for a flat fee of $28,000 (Freymiller not responsible for bucket trucks or police escorts). DE 77, Ex. P.

4. Freymiller engaged the services of Reliable Permits, LLC, an experienced permitting service located in California, to request and obtain an approved route and valid permits for transport of the vessel through various states between Missouri and Florida. Reliable Permits provided an appropriate overland route, and obtained permits for the states of Missouri, Oklahoma, Texas, Louisiana, Mississippi, Tennessee, and Georgia.

5. The state of Florida did not issue a permit for entry into the state and the vessel was placed into a storage yard in St. Mary's, Georgia.

6. Plaintiff states it is undisputed that Able and Murat Varol ("Varol") acted as a broker and/or agent for the vessel, that they were aware of the increased

dimensions of the vessel, they were aware that additional costs would be incurred in the transport of the vessel, and they authorized Freymiller to proceed with the transport of the vessel. Defendant disputes this and states to the contrary that neither Varol, Taptik's agent, nor Taptik authorized Able to act as a broker and/or agent for the M/V Thor Spirit. Indeed, Taptik avers that Able never informed him that Freymiller would be transporting the vessel. Taptik Aff. ¶¶ 5-10. Defendant also argues that neither Taptik nor Varol agreed to pay any additional fees or costs. Who, if anyone, was authorized to act as broker and/or agent for the M/V Thor Spirit is a material disputed issue of fact.

7. Freymiller maintains that the dimensions of the vessel initially provided to it for use in planning the transport were inaccurate, and once it learned of the vessel's substantially larger size, additional mileage and incidental services had to be performed. As previously noted, Plaintiff's purported Statement of Undisputed Facts is devoid of citations to the record.

Defendant disputes these assertions and argues that Freymiller was aware of the M/V Thor Spirit's exact dimensions, and knew the route that it would have to take as a result of these dimensions prior to transporting. *See* DE 77, Ex. P (April 5, 2011 Carrier Contract between Able and Freymiller with "Overall Height: 17.6 arch removed" indicated on its face). Defendant cites to the deposition of Jeremy Lee

("Lee") from Reliable Permit Solutions for this proposition. DE 77, Ex. E.[3] When and how Freymiller became aware of the vessel's height, and the efforts taken by Freymiller to procure permitting for the route, are also an important disputed issues of material fact. Indeed, Defendant asserts that Freymiller attempted to procure fraudulent permits so the vessel could be transported on shorter routes.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is material if, "under the applicable substantive law, it might affect the outcome of the case." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of

---

[3] However, the pages from the exhibit cited (pages 8, 25 and 26) do not contain any discussion of the exact height of the M/V Thor Spirit. Multiple exhibits have been submitted with portions of Lee's deposition and, on page 92 of that deposition, there is evidence to support the conclusion that Lee was aware that the M/V Thor Spirit's height was 17' 7". DE 77-8, Ex. H.

fact to find for the non-moving party," there is no genuine issue for trial. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

**Discussion**

Defendant is correct that Plaintiff's Motion for Summary Judgment is procedurally defective. Local Rule 56.1 requires a concise statement of material facts that must be supported by specific references to the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. The Local Rule is very specific as to what is required and the format in which it is to be presented. The Local Rule's purpose is to make review of summary judgment motions less burdensome by directing the Court to the proper portions of the record to make its decision, rather than having the Court aimlessly search the record for relevant evidence, or the lack of evidence, to support or refute a claim.

As noted above, Plaintiff's Statement of Undisputed Facts fails to cite any specific references to the pleadings, depositions, answers to interrogatories, admissions, and affidavits. As indicated in the Comments to Local Rule 56.1, "the Court will not grant summary judgment unless supported by a review of evidence in the record." *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004); Local Rule 56.1, Comment to 2005 amendment. As such, the Court could have justifiably denied the instant motion on that basis alone.

After reviewing the record, the Court finds it notable that there are relatively

few undisputed facts.  The parties do agree on the law for a maritime lien for necessaries, which requires a Plaintiff to show that (1) it provided necessaries (2) at a reasonable price (3) to the vessel (4) at the direction of the vessel's owner or agent. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).  Significant in this case, genuine disputes of material fact remain as to whether the purported necessaries provided to the M/V Thor Spirit were performed with the authorization of and at the direction of the owner's and vessel's agents.  A genuine issue also exists as to whether Plaintiff's charges were reasonable in light of Defendant's evidence that Freymiller knew the dimensions of the vessel and planned the route accordingly before embarking on its journey.

Defendant takes offense to the instant filing because it maintains that the 1,200 "out of route" miles incurred due to circumstances allegedly beyond Plaintiff's control are completely false, and it is these facts, supported by affidavits, that led this Court to order bond in the amount of $110,649.79.  Defendant cites to other bad faith behavior it contends is fraudulent.  Defendant seeks its attorney's fees for this bad faith and vexatious litigation.  The Court cannot make a determination on the allegations of bad faith until it has heard all of the evidence and a decision on the merits is rendered.  Therefore, the Court will reserve ruling on Defendant's request for fees.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, D&M Carriers LLC d/b/a Freymiller, Inc.'s Motion for Summary Judgment Against M/V Thor Spirit Regarding Maritime Lien

[DE 67] is DENIED.  In light of this ruling, no status conference will be scheduled.  The parties are to report for calendar call as scheduled, on October 26, 2012.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of October, 2012.

                                                KENNETH A. MARRA  
                                                United States District Judge